| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>JAMES T. KING, ESQ SB #82087<br>KING & ASSOCIATES<br>315 W. Arden Avenue<br>Suite #28<br>Glendale, CA 91203<br>Tel. (818) 242-1100<br>Fax (818) 242-1012<br>king@kingobk.com<br><br>☐ *Debtor(s) appearing without attorney*<br>☒ *Attorney for*: Debtor | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**OCT 01 2014**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY moser    DEPUTY CLERK** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –*RIVERSIDE* DIVISION**

| In re:<br><br>JOSE GODOY,<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:14-bk-20641-MJ<br>CHAPTER: 13<br><br>**ORDER   ☒ GRANTING   ☐ DENYING**<br>**MOTION TO AVOID JUNIOR LIEN**<br>**ON PRINCIPAL RESIDENCE**<br>**[11 U.S.C. § 506(d)]**<br><br>DATE: 09/29/2014<br>TIME: 1:30 p.m.<br>COURTROOM: 301<br>PLACE: 3420 Twelfth Street<br>             Riverside, CA 92501 |
|---|---|

**Creditor Holding Junior Lien** *(name)*: **Wells Fargo Bank, National Association its Successors and Assigns (account number ending in 0001)**

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) encumbering the following real property (Subject Property), which is the principal residence of Debtor:

    *Street Address*:  8525 Salina Street
    *Unit Number*:
    *City, State, Zip Code*:  Rancho Cucamonga, CA 91730

Legal description or document recording number (*including county of recording*):

☒   See attached page.

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                             Page 1                                     **F 4003-2.4.JR.LIEN.ORDER**

3. The Subject Property is subject to the following deed(s) of trust, mortgage(s) or other lien(s) in the amounts specified securing the debt against the Subject Property, which will be treated as indicated:

    a. Holder of 1st lien *(name)* <u>Wells Fargo Bank, National Association (account number ending in 3333)</u> in the amount of $ <u>218,574.67</u>.

    b. Holder of 2nd lien *(name)* <u>Wells Fargo Bank, National Association (account number ending in 0001)</u>in the amount of $ <u>51,481.55.</u>  ☒ is   ☐ is not   to be avoided

    c. Holder of 3rd lien *(name)* _____ in the amount of $ _____.
       ☐ is   ☐ is not   to be avoided;

       ☐ See attached page for any additional encumbrance(s).

4. The Motion is:

    a. ☐ DENIED   ☐ with   ☐ without   prejudice, on the following grounds:
        (1) ☐ Based upon the findings and conclusions made on the record at the hearing
        (2) ☐ Unexcused non-appearance by Movant
        (3) ☐ Lack of proper service
        (4) ☐ Lack of evidence supporting motion
        (5) ☐ Other *(specify)*:


    b. ☒ GRANTED on the following terms:
        (1) The Subject Property is valued at no more than *(determined value)* $ <u>215,000.00</u> based on adequate evidence.
        (2) This avoidance of the respondent's junior lien is effective upon: ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge in this case.
        (3) Before the discharge, no payments are to be made on the secured claim of the junior lienholder; maintenance payments are not to be made.
        (4) The claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.
        (5) The junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim. The junior lienholder is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's chapter 13 plan. If an amended claim is not filed, the trustee may treat any claim on the debt (secured or unsecured) filed by the junior lienholder as unsecured upon entry of this order.
        (6) The avoidance of the junior lienholder's deed of trust, mortgage or lien is contingent upon: ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.
        (7) The junior lienholder shall retain its lien in the junior position for the full amount due under the corresponding note and deed of trust, mortgage or lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the Bankruptcy Code, or if the Subject Property is sold or refinanced prior to the Debtor's ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                            Page 2                            **F 4003-2.4.JR.LIEN.ORDER**

(8) In the event that the holder of the first deed of trust or any senior lien on the Subject Property forecloses on its interest and extinguishes the junior lienholder's lien rights prior to the Debtor's ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge, the junior lienholder's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

(9) ☐ See attached continuation page for additional provisions.

###

Date: October 1, 2014

Meredith A. Jury
United States Bankruptcy Judge

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*　　　　　　　　　　　　　Page 3　　　　　　　　　　　　　**F 4003-2.4.JR.LIEN.ORDER**

**EXHIBIT A**
Legal Description

The land hereinafter referred to is situated in the City of Rancho Cucamonga, County of San Bernardino, State of CA, and is described as follows:

Parcel 1:

Lot No. 4, of Tract 12621, in the County of San Bernardino, State of California, as per Map recorded in Book 177, Pages 79 to 84 inclusive of Maps, filed in the Office of the County Recorder of San Bernardino County, California, on February 22, 1985.

Except therefrom all oil, gas, minerals and other hydrocarbon substances, lying below a depth of 500 feet, without the right of surface entry.

Parcel 2:

An undivided 1/30th fractional interest in and to Lots A, B, J, K, I, M and O, of said Tract 12621 referenced above.

Parcel 3:

A non-exclusive easement for ingress and egress over Lots C, D, E, F, G, H, N, P, Q and R of Tract 12621 (future Common Area) according to Maps thereof filed in the Office of the County Recorder of San Bernardino County, California, which easements are appurtenant to Parcels 1 and 2 described above. These easements shall become effective upon recordation of a Declaration of Annexation declaring said Lots of Tract 12621 to be subject to the Declaration of Covenants, Conditions and Restrictions to which reference is hereafter made or a separate Declaration of Covenants, Conditions and Restrictions which requires the owners of Lots 23 through 62 and 71 through 90, inclusive, of Tract 12621 to be members of the Association (as defined below), all as more fully set forth in the Declaration to which reference is hereafter made.

Parcel 4:

One class a membership in Mountain Shadows Homeowners Association, a California Nonprofit Mutual Benefit Corporation, hereinafter called the "Association".

Parcel 5:

A nonexclusive easement appurtenant to Lot of said Tract 12621 referenced above for ingress, egress, and support through the Common Area.

Parcel 6:

Utility easements as defined in Section 2 of Article XIV of the Covenants, Conditions and Restrictions for said Tract 12621 recorded October 18, 1985 as Instrument No. 85-258227 with the Office of the San Bernardino County Recorder, State of California.

APN: 0207-622-04-0-000